

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS

~~WILL WILSON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable S. K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:                     Opinion No. 0-7085

                              Re: Are Taxes on Intangibles included
                                  in the 8/9's to be refunded to the
                                  Port Arthur Sea Wall District?

        We have your request of February 2, 1946 wherein you
request the opinion of this office on the above captioned subject.
Your letter reads in part as follows:

        "The question has arisen in Jefferson County
    as to the interpretation of the above named House
    Bill relative to the meaning of "8/9's of ad valorem
    taxes collected on property both real and personal."
    The State Comptroller questions the meaning of this
    part of the bill as quoted from the caption as to
    whether or not it includes intangible properties, a
    list of which is furnished by the State Comptroller's
    Department to the Assessor's Office of Jefferson
    County and is never broken down in any way as to the
    precincts but a total for Jefferson County.

        "My question is as to whether or not ad valorem
    taxes on intangible properties is included in the 8/9
    to be refunded to the Port Arthur Sea Wall District."

        Section 1, House Bill 410, passed at the regular session
of the 49th Legislature, ch. 353, p. 615 of Vernon's Texas Session
Laws reads as follows:

        "That commencing with the fiscal year beginning
    September 1, 1929, and ending August 31, 1961, there
    be and hereby are donated and granted by the State
    of Texas to the City of Port Arthur, Texas, situated
    in Jefferson County, Texas, eight-ninths (8/9) of
    the net amounts of the State ad valorem taxes col-
    lected on all property, both real and personal, in
    Commissioner's Precinct No. 2 of Jefferson County,
    Texas, as it existed on January 1, 1945, which

shall be ascertained and apportioned as now pro-
vided by law; provided that from and after August
31, 1949, Three Thousand Dollars ($3,000) of the
assessed taxable value of all residence homesteads,
as now defined by law, in said Precinct No. 2 shall
be exempt from all taxation for the purpose enumer-
ated in this Act as well as for all State purposes."

      Taxes on intangible assets have been held to be ad
valorem taxes on personal property. 40 Tex. Jur. Sec. 60, p.
91 and cases there cited. It is therefore the opinion of this
office that taxes on intangible property are included in the
8/9 to be refunded to the Port Arthur Sea Wall District as pro-
vided by House Bill 410, Acts 49th Legislature.

                  Yours very truly

                ATTORNEY GENERAL OF TEXAS

                  By Robert T. Donahue
                    Robert T. Donahue
                    Assistant

RTD:ms:wc


APPROVED FEB 9, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman